FILED

2013 Mar-14  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LAPICTETUS AUSHAW COLEMAN, )<br><br>Plaintiff )<br><br>vs. )<br><br>SHERIFF BARTLETT, et al., )<br><br>Defendants ) | Case No.  5:10-cv-02772-IPJ-HGD |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 13, 2013, recommending that this action be dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).  (Doc. 28). On March 4, 2013, plaintiff filed objections to the magistrate judge's report and recommendation.  (Doc. 29).

The basis of plaintiff's complaint is that medical staff failed to provide him with adequate medical care for his diabetes while he was incarcerated in the Morgan County Jail from March to December 2008.  In his objections, plaintiff contends that he did not realize that the medical care he received was inadequate until after his

transfer.  Plaintiff further argues that he could not have filed a grievance concerning his medical care once he was transferred.

Plaintiff's claims that he was unaware that jail medical staff failed to provide him with adequate medical care is inconsistent with pleadings he has filed before this court and are not well taken.  Specifically, plaintiff alleges in his response to defendants' motion for summary judgment that Dr. Luckett failed to examine him for six months.  (Doc. 24 at 2).  Plaintiff claims that he has been diabetic since he was 15 years old and knew that his blood sugar should be checked at least once before every meal and before bedtime.  *Id.* at 7.  Yet, plaintiff alleges that Dr. Luckett directed that his blood sugar be checked only twice a day, never at lunch, before any snack, or at bedtime.  *Id*.  Additionally, plaintiff stated in his original complaint that a member of the medical staff informed him that he was being used "as a test dummy" concerning the effects of large doses of insulin.  (Doc. 1 at 3; Doc. 24 at 8).  Plaintiff further alleged in his original complaint that medical staff failed to properly check his blood sugar and stated, "[N]ever in my life have I ever had these problems."  (Doc. 1 at 3).

Based on the foregoing, plaintiff knew or had reason to know that Morgan County Jail medical staff was allegedly not providing him with adequate medical care during his period of incarceration from March to December 2008.  Therefore, plaintiff had the opportunity to exhaust his administrative remedies prior to his transfer from

the Morgan County Jail.  Plaintiff did not file, or attempt to file, a grievance pursuant to the Morgan County Jail's grievance process before being transferred.  *See Hall v. Richardson*, 144 Fed. App'x. 835, 836 (11th Cir. 2005) (unpublished) (affirming the district court's dismissal of plaintiff's claims without prejudice for failure to exhaust administrative remedies because plaintiff had an opportunity to exhaust his administrative remedies prior to his transfer to another prison).  While injunctive relief would not have been available to plaintiff once he was transferred, he has not pointed to anything in the Morgan County Jail's grievance policy that expressly prohibited him from filing a grievance after his transfer.[1]  *See generally, Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) (finding that once plaintiff was transferred to another prison where the threat of retaliation for filing a grievance was removed, plaintiff could have filed an out-of-time grievance and then shown good cause for its untimeliness); *Napier v. Laurel County*, 636 F.3d 218, 223-25 (6th Cir. 2011) (mere fact of a transfer from county jail to state correctional institution did not affect a prisoner's obligation to exhaust his administrative remedies before filing suit where nothing in the county jail's procedure explicitly prohibited inmates from filing grievances after they have been released from that facility).

---

[1]  The court notes that plaintiff himself now suggests that "in the event this Court decides Plaintiff, in order to maintain his claims in this Court need[s] [to] send something else to Defendants[ ] Bartlett, Bradley, or Luckett," the court stay his case for 30 days.  (Doc. 29 at 5.)

Next, plaintiff's contention that the PLRA violates the Tenth Amendment and is not applicable to him is without merit.  The PLRA's exhaustion requirement applies to *all prisoners* seeking redress for prison circumstances or occurrences.  *See Porter v. Nussle*, 534 U.S. 516, 520 (2002).  Accordingly, plaintiff's claims against the defendants are due to be dismissed without prejudice due to his failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).

Even if plaintiff's claims were not due to be dismissed for his failure to exhaust his administrative remedies, he has not shown that defendants were deliberately indifferent to his medical needs.  There is no evidence that Dr. Luckett or any member of the medical staff intentionally refused to provide plaintiff with medical treatment.[2] Plaintiff has made only conclusory allegations that Dr. Luckett and the medical staff were not trained to treat his diabetes.  He has offered no evidence in support of his assertions.  To the extent plaintiff contends he should have been treated by a diabetes specialist, he has no constitutional right to be treated by a specific doctor, nurse, or other medical personnel.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Society does not expect that prisoners will have unqualified access to health care.").  Further,

---

[2] Plaintiff alleges in his objections that the words "cronic [sic] care appear no where [sic] in the records cited by the Magistrate." (Doc. 29 at 6).  The magistrate judge gave specific citations to plaintiff's medical records which were attached to defendants' Special Report and showed that he was examined during chronic care clinic for his diabetes on April 3, May 4, June 4, and August 3, 2008.  (Doc. 17, Ex. 2, Luckett Aff. ¶ 12; Ex. 4, Ex. A at 17, 22, 26 of 30 and 3 of 28).  These records clearly state "Monthly Chronic Care Clinic Visit <u>Diabetes</u>." *Id*.

plaintiff's disagreement with Dr. Luckett about the course of his medical treatment does not amount to deliberate indifference. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Plaintiff also argues in his objections that Dr. Luckett's course of treatment was not in line with the Mayo Clinic's suggestions concerning treatment of diabetics. However, "a simple difference in medical opinion" does not constitute deliberate indifference. *Waldrop v. Evans*, 781 F.2d 1030, 1033 (11th Cir. 1989).

Lastly, plaintiff fails to show how defendants Bartlett and Bradley personally participated in or had any direct involvement with his medical treatment. It is apparent from plaintiff's objections that he continues to rely on the doctrines of vicarious liability and *respondeat superior* to impute liability to these defendants under § 1983. However, a prisoner cannot rely on these doctrines to establish liability under § 1983. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-92 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary

judgment is due to be GRANTED and this action is due to be DISMISSED WITHOUT PREJUDICE due to plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).  A Final Judgment will be entered.

DONE this 14th day of March 2013.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE